IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. _____<br>) |
| NORMAN F. SWANN, in his capacity as the personal representative of the estate of Charles D. Swann and in his personal capacity,<br>9703 Chapel Road<br>Easton, MD 21601, | )<br>)<br>)<br>)<br>)<br>) |
| VIVIAN A. SWANN,<br>9703 Chapel Road<br>Easton, MD 21601, and | )<br>)<br>)<br>) |
| CAROLYN D. SWANN, in her capacity as personal representative for the estate of Paul E. Swann,<br>9523 Gannon Road<br>Easton, MD 21601, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR FEDERAL TAXES

Plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to: (1) collect the federal income tax assessments made against Norman and Vivian Swann; (2) collect the federal income tax assessments made against the decedent taxpayer, Charles Swann; (3) impose fiduciary liability under 31 U.S.C. § 3713(b) against the representatives of the Estate of Charles Swann; and (4) collect the federal income tax assessments made against the decedent taxpayer, Paul Swann.

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court pursuant to 26 U.S.C. § 7402, and 28 U.S.C. §§ 1331, 1340, and § 1345.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The plaintiff is the United States of America.

4. Defendant Norman F. Swann resides in Easton, Maryland.

5. Defendant Vivian A. Swann, Norman Swann's spouse, resides in Easton, Maryland.

6. Charles D. Swann died on September 10, 2007.  At the time of his death, Charles Swann resided in Easton, Maryland.

7. The personal representatives of the decedent estate of Charles Swann are Norman Swann and decedent Paul Swann.

8. Paul E. Swann died on February 25, 2018.  At the time of his death, Paul Swann resided in Easton, Maryland.

9. Defendant Carolyn D. Swann, Paul Swann's spouse, is the personal representative of the decedent estate of Paul Swann.  She resides in Easton, Maryland.

## COUNT I: REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT
## (NORMAN AND VIVIAN SWANN)

10. The United States realleges the allegations contained in paragraphs 1 through 9.

11. A delegate of the Secretary of the Treasury of the United States made assessments Defendants Norman and Vivian Swann for unpaid federal income taxes and statutory additions to tax for tax year 2004 on April 13, 2009. The amount of the income tax assessment was $13,422. On April 15, 2019, the total amount of the federal taxes and statutory additions to tax owed by Norman and Vivian Swann will be $20,193.

12. Proper notice and demand for payment of the assessment described in paragraph 11, above, was given to Norman and Vivian Swann.

13. Interest, costs, and statutory additions to tax have accrued on the unpaid balance of the assessments described in paragraph 11, above.

14. Despite notice and demand for payment of the assessment described in paragraph 11, above, Norman and Vivian Swann have failed to pay the full amount due. On April 15, 2019, Defendants Norman and Vivian Swann will be indebted to United States in the amount of $20,193, together with the interest and statutory additions to tax that will accrue after that date.

WHEREFORE, the plaintiff, the United States of America, prays:

A. That the Court render judgment in favor of the United States and against Defendants Norman Swann and Vivian Swann, jointly and severally, in the amount of $20,193 with respect to their 2004 federal income tax liabilities as of April 15, 2019, together with all interest and statutory additions to tax that will accrue according to law after that date.

**COUNT II: REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT**
**(THE ESTATE OF CHARLES SWANN)**

15. The United States realleges the allegations contained in paragraphs 1 through 14.

16. A delegate of the Secretary of the Treasury of the United States made assessments against the decedent, Charles Swann, for unpaid federal income taxes and statutory additions to tax for tax year 2004 on May 25, 2009. The amount of the income tax assessment was $31,702. As of April 15, 2019, the total amount of the federal taxes and statutory additions to tax owed by the Estate of Charles Swann will be $83,565.

17. The personal representatives of the Estate of Charles Swann were his brothers, Norman Swann and the decedent, Paul Swann.

18. Proper notice and demand for payment of the assessment described in paragraph 16, above, was given to on the Estate of Charles Swann.

19. Interest, costs, and statutory additions to tax have accrued on the unpaid balance of the assessments described in paragraph 16, above.

20. Despite notice and demand for payment of the assessment described in paragraph 16, above, the Estate of Charles Swann has failed to pay the full amount due. On April 15, 2019, the Estate will be indebted to the United States in the amount of $83,565, together with the interest and statutory additions to tax that will accrue after that date.

WHEREFORE, the plaintiff, the United States of America, prays:

B. That the Court render judgment in favor of the United States and against Norman Swann and estate of Paul Swann, in their capacity as the personal representative of Charles Swann, in the amount of $83,565 as of April 15, 2019, with respect to its 2004 federal income tax liabilities, together with all interest and statutory additions to tax that will accrue according to law after that date.

## COUNT III:  IMPOSE FIDUCIARY LIABILITY ON THE PERSONAL REPRESENTATIVES OF CHARLES SWANN

21.     The United States realleges the allegations contained in paragraphs 1 through 20.

22.     Under 31 U.S.C. § 3713(b), a representative of an estate that pays a debt or makes a distribution before paying a debt owed to the United States, which renders the estate insolvent, becomes liable to the United States for the unpaid claims to the extent of such payment.

23.     Norman Swann and the decedent, Paul Swann, as personal representatives of the Estate of Charles Swann filed the 2004 federal income tax return after they had distributed all of the assets of the probate estate, rendering the Estate insolvent and unable to pay the tax liability.

24.     The personal representatives knew or should have known that there would have been a liability for the income tax liability for 2004.  On information and belief, the personal representatives delayed in filing the income tax return until after distributing all of the assets of the probate estate.

25.     The value of the assets transferred from the Estate of Charles Swann exceeded the unpaid 2004 federal income tax liability.  Consequently, Norman Swann and Carolyn Swann, in her capacity as personal representative of the Estate of Paul Swann, are liable for the 2004 federal income tax liability, including any interest and penalties.

WHEREFORE, the United States of America requests that the Court:

C.      That the Court render judgment in favor of the United States of America and against Norman Swann, in his personal capacity, and against Carolyn Swann, in her capacity as the personal representative of the Estate of Paul Swann, jointly and severally, for a liability under 31 U.S.C. § 3713(b) in the amount of $83,565 as of April 15, 2019, together with all interest and statutory additions to tax that have will accrue according to law after that date.

## COUNT IV: REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT
## (THE ESTATE OF PAUL SWANN)

26. The United States realleges the allegations contained in paragraphs 1 through 25.

27. A delegate of the Secretary of the Treasury of the United States made assessments against Paul Swann for unpaid federal income taxes and statutory additions to tax as follows:

| Tax Period | Date of Initial Assessment | Amount of Initial Tax Assessment | Unpaid Balance as of April 15, 2019 |
|---|---|---|---|
| 2003 | 6/29/2009 | $129,621 | $350,873 |
| 2005 | 4/12/2010 | $52,091 | $133,509 |
| 2006 | 4/12/2010 | $42,425 | $102,224 |
| | | **Total:** | **$586,606** |

28. On April 15, 2019, the total amount of the federal taxes and statutory additions to tax owed by Paul Swann will be $586,606.

29. Proper notice and demand for payment of the assessment described in paragraph 27, above, was given to Paul Swann.

30. Interest, costs, and statutory additions to tax have accrued on the unpaid balance of the assessments described in paragraph 27, above.

31. Despite notice and demand for payment of the assessment described in paragraph 27, above, Paul Swann failed to pay the full amount due. On April 15, 2019, the Estate of Paul Swann, by and through its personal representative, Carolyn Swann, will be indebted to United States in the amount of $586,606, together with the interest and statutory additions to tax that will accrue after that date.

WHEREFORE, the plaintiff, the United States of America, prays:

D. That the Court render judgment in favor of the United States and against Defendant Carolyn Swann, in her capacity as the personal representative of Paul Swann, in the amount of $586,606 with respect to their 2003, 2005, and 2006 federal income tax

liabilities as of April 15, 2019, together with all interest and statutory additions to tax that will accrue according to law after that date.

E.      Award the United States its attorney's fees and costs; and

F.      Grant such other and further relief as the Court deems just and proper.

DATED: April 11, 2019,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

 /s/ Ari D. Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-9187
Facsimile: (202) 514-6866
Email: Ari.D.Kunofsky@usdoj.gov